IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RICHARD T. GRIFFIN, and AMY E. GRIFFIN, : : : Plaintiffs, : : v. : : BANK OF AMERICA, N.A., : McCURDY & CANDLER, LLC, : and BAC HOME LOAN : SERVICING, LP, : : Defendants. | CIVIL ACTION NO. 2:13-CV-00084-RWS |

## **ORDER**

This case comes before the Court on Defendant McCurdy & Candler LLC's ("M&C") Motion to Dismiss [4], Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss [7-1], and Plaintiffs Richard T. Griffin and Amy E. Griffin's Motion to Remand [9-1]. After reviewing the record, the Court enters the following Order.

## **Discussion**

Unless Congress explicitly provides otherwise, a defendant may remove to federal court a civil action brought in state court, provided the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. District courts have

AO 72A
(Rev.8/82)

original jurisdiction over civil actions between citizens of different States with an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citations omitted).

As master of his own Complaint, a plaintiff may join such claims and parties in a single suit as are permitted under the law and the Federal Rules of Civil Procedure. Of course, a plaintiff's decision to join a non-diverse party has repercussions for purposes of removal jurisdiction. However, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

"The burden of establishing fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "[T]he removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)

2

(citation omitted).  "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. (citation omitted).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (citation omitted).

Plaintiffs are Georgia residents and Defendant M&C is a Georgia company.  (Compl., [1-1] ¶¶ 1,3.)  The issue before the Court is whether it has jurisdiction to hear this case; specifically, whether M&C was fraudulently joined by Plaintiffs.  Plaintiffs allege in their Complaint that M&C is a joint wrongdoer under O.C.G.A. § 51-12-30, claiming that all Defendants are jointly and severally liable for wrongful foreclosure, intentional infliction of emotional distress, attorney's fees, and punitive damages.  (Id. ¶¶ 78-83.)  Construing the Complaint's factual allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have stated an arguable claim under state law against M&C.  Absent complete diversity between the Parties, the Court must remand this action to state court.

3

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion to Remand [9] is **GRANTED**.  The Court does not have jurisdiction to consider Defendants' Motions to Dismiss ([4], [7]).  The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Forsyth County, Georgia.

**SO ORDERED**, this  18th  day of November, 2013.

*[signature]*

**RICHARD W. STORY**
United States District Judge